IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:14CV4 |
| | § | |
| 1987 DASSAULT-BREGUET | § | |
| MYSTERE FALCON 200; SERIAL | § | |
| NUMBER 513 | § | |
| Defendant | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States for a violation of 49 U.S.C. § 46306.

Defendant In Rem

2. The defendant property is one 1987 Dassault-Breguet Mystere Falcon 200 aircraft; Serial Number 513 ("Defendant Property"). The Defendant Property was seized on October 4, 2013, at the East Texas Regional Airport, located at 269 Terminal Circle, Longview, Texas, based on probable cause.

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to the following statutes:

    a. 49 U.S.C. § 46306(d), because an aircraft whose use is related to a violation of 49 U.S.C. § 46306(b), or is used to aid or facilitate a violation, may be seized and forfeited to the Administrator of Drug Enforcement or the Commissioner of Customs, and

    b. 49 U.S.C. § 46306(b)(4) makes it a crime to obtain a certificate of aircraft registration by knowingly and willfully falsifying or concealing a material fact, making a false, fictitious, or fraudulent statement, or making or using a false document knowing it contains a false, fictitious or fraudulent statement or entry.

Facts

7. The Defendant Property is subject to forfeiture based on the following facts:

   a. Christian Eduardo Esquino Nunez, a.k.a. Ed Nunez (Nunez) operates Starwood Management LLC (Starwood), Wing Financial LLC, Rodatz Financial Group, Inc., and Lincoln Investment Holdings Inc. (Lincoln). While these companies appear on paper to be owned and operated by Bertha Cruz (Cruz) and/or Norma Gonzalez (Gonzalez), the companies are controlled by Nunez, a Mexican citizen.

   b. The Defendant Property is owned by Lincoln and was seized without a warrant on October 4, 2013, pursuant to probable cause that a violation of 49 U.S.C. § 46306(b)(4) had occurred.

   c. On January 4, 2010, Lincoln was incorporated in Delaware through Harvard Business Services, Inc. (Harvard) with Cruz listed as the lone Director and President. Cruz is the former spouse of Nunez and a permanent resident alien of the United States. Correspondence between Nunez and Harvard shows that Nunez was the point of contact for the incorporation of Lincoln.

   d. On September 23, 2011, Nunez facilitated the purchase of the Defendant Property on behalf of Lincoln through Insured Aircraft Title Service (IATS) located in Oklahoma City, Oklahoma. Correspondence between IATS and Nunez shows that Nunez was the sole point of contact. Nunez directed the release of funds to the

seller, paid for IATS' fees with a credit card issued to Starwood in the name of Ed Nunez, and authorized wire transfers to pay for the Defendant Property including $110,000 from Starwood, $15,000 from an escrow account related to Starwood, and $200,000 from Cruz.

  e. On September 23, 2011, Gonzalez caused the filing of an application for aircraft registration of Defendant Property with the Department of Transportation, Federal Aviation Authority, listing Lincoln as the only owner of the aircraft and Gonzalez as Lincoln's Secretary. Gonzalez is the sister of Cruz, and former sister-in-law of Nunez. Gonzalez is a citizen of the United States.

  f. The application for aircraft registration of the Defendant Property includes Gonzalez's name and purported signature certifying that the Defendant Property is owned by a citizen of the United States. However, Lincoln does not meet the definition of a "citizen of the United States," per 49 U.S.C. § 40102(a)(15)(C). In order to be considered a "citizen of the United States," the corporation must consist of the following:

   i. a president and at least two-thirds of the board of directors and/or managing officers who are citizens of the United States,
   ii. be under the "actual control" of citizens of the United States, and
   iii. have at least 75 percent of the voting interest owned or controlled by persons who are citizens of the United States.

Not only is Cruz not a citizen of the United States, Nunez, a Mexican citizen, actually controls the company. Concealment of the material fact that Lincoln is controlled by Nunez, and certifying the false claim that Lincoln is a citizen of the United States in order to obtain a certificate of aircraft registration is a violation of 49 U.S.C. § 46306(b)(4).

        g.      Nunez pleaded guilty to Conspiracy to Commit Fraud Involving Aircraft on March 22, 2004. Nunez served prison time in the United States and was deported to Mexico. Nunez is neither a citizen, nor a permanent resident of the United States.

Potential Claimants

        8.      The potential claimants to the Defendant Property are as follows:

        a.      Norma Gonzalez, 3540 West Sahara Avenue, Ste. 202, Las Vegas, Nevada 89102-5816,

        b.      Bertha Cruz, 16192 Coastal Highway, Lewes, Delaware 19958-3608,

        c.      Christian Eduardo Esquino Nunez, 3540 West Sahara Avenue, Ste. 202, Las Vegas, Nevada 89102-5816,

        d.      Lincoln Investment Holdings Inc., represented by attorney George E. Crow, P.O. Box 30, Katy, Texas 77492, and

        e.      Arvel Jett Reeves, 6230 East Voltaire Avenue, Scottsdale, Arizona 85254-3853.

Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

 /s/
Alan Jackson
Assistant United States Attorney
Texas Bar No. 10453300
110 N. College, Suite 700
Tyler, Texas 75702
tel: (903) 590-1440
fax: (903) 590-1439
email: AJackson2@usa.doj.gov

# VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Shayne Kelly, hereby state that:

1. I am a Special Agent with the Drug Enforcement Administration.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

*[signature]*
Shayne Kelly
Special Agent
Drug Enforcement Administration

Dated: January 6, 2014